# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SANJIV BHATIA, <br><br> *Defendant.* | CASE NO. 3:11-cr-00022 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Sanjiv Bhatia's Motion for Bill of Particulars Dkt. 37. The indictment charges Defendant with four counts of tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2 for the tax years 2003-2006. Dkt. 3. Defendant argues that "the Indictment does not specify which information on any of the [tax] returns the government alleges is false, what the accurate entries on each of the returns should be, or how the government may have arrived at any particular figure, among other things." Dkt. 37 at 2. He thus requests an order directing the Government to file a bill of particulars. The Government, after Defendant filed the bill of particulars, Dkt. 37, "disclosed to the Defendant an unredacted copy of the Special Agent's Report [] prepared by a special agent with the Internal Revenue Service in connection with the investigation into the Defendant," and this report "describes the government's theory of the case in detail and identifies specific evidence in support of that theory." Dkt. 38. Considering this disclosure, and for the reasons set out below, the Court will deny the Motion for Bill of Particulars.

## I. BACKGROUND AND PROCEDURAL HISTORY

Defendant is charged with four counts of tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2, for the tax years of 2003-2006. Dkt. 3. The counts are identical except for the year, and in each he is charged with "preparing and causing to be prepared," "signing and causing to be

signed," and "filing and causing to be filed" a "false and fraudulent U.S. Individual Income Tax Return, Form 1040." *Id.* His indictment alleges that, when filing, he "then and there knew and believed [that] his taxable income for the calendar year was substantially in excess of the amount stated on the return, and upon the additional taxable income, a substantial additional tax was due and owing to the United States of America." *Id.* His indictment provides no additional support for these allegations.

Defendant, who owned an LLC that was the general/managing partner of two hedge funds during the time span at issue, Dkt. 37 at 2, argues that "the brevity of the indictment and the complexity of the charges against him, particularly given the complex tax laws and regulations applicable to hedge funds, prevent [him] from comprehending the charges against him, and accordingly are likely to lead to surprise at trial." *Id.* at 3. Since the filing of his motion for a bill of particulars, the Government disclosed to the Defendant an unredacted copy of the report put forward by a special agent with the Internal Revenue Service in conjunction with its investigation into the Defendant. Dkt. 38. The Government argues that the report "describes the government's theory of the case in detail and identifies specific evidence in support of that theory," making the requested bill of particulars "no longer necessary." *Id.*

Both parties previously jointly motioned for discovery and inspection, Dkt. 15, which was granted, Dkt. 17. Also, after being granted his motion for disclosure, Dkt. 18, Defendant filed a consent motion to modify the order related to his disclosure motion, Dkt. 35, which was also granted, Dkt. 36.

## II.  LEGAL STANDARDS

Rule 7(f) of the Federal Rules of Criminal Procedure provides, in relevant part, that "[t]he court may direct the government to file a bill of particulars." The Court's determination of whether to direct the United States to file a bill of particulars is a matter within the sound discretion of the trial court. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).

### III. ANALYSIS

The purpose of a bill of particulars "is to fairly appraise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).[1] A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial. *Id.* Rather a bill of particulars "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). It follows that a defendant is "not also entitled to an unnecessary bill of particulars, where the underlying objectives of a Fed. R. Crim. P. 7 motion are fully satisfied by informal and formal discovery." *United States v. Taylor*, No. 3:04-cr-227, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2015) (citing *United States v. Duncan*, 598 F.2d 839, 849 (4th Cir. 1979)); *see United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973) (government's voluntary disclosure of its file can fully satisfy the underlying objectives of Fed. R. Crim. P. 7(f)).

Courts within this Circuit have previously recognized that "the fact that the government has opened up its complete investigative file . . . negates the necessity of a bill of particulars." *U.S.*

---

[1] Courts have also noted that an additional purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge to enable the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense. *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973).

*v. Smith*, 371 F. Supp. 672, 675 (M.D.N.C. 1973) (citing *Schembari*, 484 F.2d 931; *United States v. Quinn*, 349 F. Supp. 232, 234 (E.D. Wis. 1972); *United States v. Alby*, 349 F. Supp. 331, 332 (E.D. Wis. 1972); *see also U.S. v. Hall*, 39 F.R.D. 27, 28–29 (W.D.S.C. 1965) (discussing denying motions for a bill of particulars when the Government discloses its theory of a case). Similarly, this Court has observed that when the United States maintains an open file policy, a bill of particulars is unnecessary, as the defendant has an adequate source of information. *United States v. Fitzgerald*, No. 3:05-cr-00013, 2006 WL 734005, at *1 (W.D. Va. Mar. 21, 2006) (citing *Schembari*, 484 F.2d at 934).

Here, Defendant agreed to this Court's order granting Joint Motion for Discovery and Inspection, Dkt. 17. Defendant also filed a motion for disclosure, Dkt. 14, which the Court granted, Dkt. 18. The Court further granted Defendant's consent motion to modify the order related to his disclosure motion. Dkt. 36. And, as the Government discusses, the Government disclosed the report prepared by the Internal Revenue Service in connection with its investigation into Defendant. Dkt. 38. This report "describes the government's theory of the case in detail and identifies specific documents and evidence in support of that theory." *Id.* Further, this Court previously continued the trial date for Defendant because of the amount of discovery received by defense counsel. Dkt. 40. Thus, Defendant has the resources and time to prepare his defense.

In sum, Defendant has been provided sufficient information to be fairly appraised of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. *Automated Med. Labs.*, 770 F.2d at 405.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Bill of Particulars. Dkt. 37. An appropriate order will issue, and the Clerk of Court is hereby directed to send a certified copy of this memorandum opinion to all counsel of record.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE